IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**P & G CONSTRUCTION CONSULTANTS,**
**LLC, as assignee,**

    **Plaintiff,**

v.                                                                                          No.: 1:24-cv-01166-STA-jay

**PENNSYLVANIA NATIONAL MUTUAL**
**CASUALTY INSURANCE COMPANY,**

    **Defendant.**

## ORDER DISMISSING ORDER TO SHOW CAUSE
## AND ORDER EXTENDING TIME FOR SERVICE OF PROCESS

Because the record does not reflect that any attempt has been made to serve Defendant with process within the requisite time as required by Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was ordered to provide to the Court an explanation as to why Defendant has not been served with process and to show cause why the action should not be dismissed for failure to prosecute. Plaintiff has failed a response (ECF No. 18) and states that additional time is needed to serve Defendant.

Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

When faced with a motion to extend the time for service of process, Rule 4(m) directs the Court to undertake a two-part analysis. *See Collett v. Kennedy, Koontz & Farinash*, 2015 WL 7254301 at *3 (E.D. Tenn. Aug. 14, 2015) (noting that the Sixth Circuit has interpreted the

language of Rule 4(m) to require a two-step analysis when determining whether to extend the time for service of process). First, the Court must determine whether the plaintiff has shown good cause for the failure to effect timely service; if it has, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if the plaintiff has not shown good cause, the Court must either (1) dismiss the action without prejudice or (2) direct that service be effected within a specified time. *Henderson v. United States*, 517 U.S. 654, 663 (1996) (the 1993 amendments to the Federal Rules give the court discretion to enlarge the 120 (now 90) day period even if there is no good cause shown); *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 408 (S.D. Ohio 2003) (citation omitted).

In the present case, the Court finds that Plaintiff has shown good cause to extend the date for service of process by thirty (30) days from the entry of this order. Because the thirtieth day falls on a Court holiday, the time for service will be extended to December 26, 2024. The Court also finds that the order to show cause should be dismissed.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. Thomas Anderson
United States District Judge

Date: November 25, 2024